## CIRCUIT COURT OF THE CITY OF RICHMOND

Henry Scott November

v.

City of Richmond

January 13, 2005

Case No. LS-2572-1

BY JUDGE MELVIN R. HUGHES, JR.

This is an appeal by a police officer of the City of Richmond seeking a determination of employee grievability after a ruling, made at the end of the administrative process, that the case does not present an issue of grievability. More specifically, the issue is whether the asserted grievance qualifies for a merits hearing before the Personnel Board of the City of Richmond.

Henry Scott November, a twenty-three year veteran of the Richmond Police Department injured his left knee in 1991 during an arrest. In 1992, the knee was operated on by a local orthopedic surgeon. In 2003, there was a second operation and, according to November's statement in a grievance form, "permanent damage was evident."

In February 2004, November filed for disability retirement with the Richmond Retirement Board. The Board denied the application, and November was advised he could perform sedentary work. November complains that the city has never provided a sedentary position and asks, in this grievance, that he be allowed to bring his case before the Personnel Board. The City opposes stating, *inter alia*, that, even if the court found this matter grievable, which it urges it is not, the Personnel Board is without power and authority to grant any relief by requiring that November be allowed to retire on disability. The court agrees with this assessment. However, the court concludes that the failure to provide a sedentary position does deserve a hearing.

By the authority of Va. Code § 51.1-800, § 513.01 of the City Charter of the City of Richmond authorizes the establishment of a retirement system for

city employees. The section authorizes the Council of the City of Richmond to appoint members of the Board of Trustees of the Richmond Retirement System and charges the Board with the responsibility of administering the system including determining eligibility for retirement benefits. Thus, the award of benefits is within the exclusive province of the Retirement Board.

Va. Code § 2.2-3004 governing employee grievances that qualify for a hearing does not delineate any basis for concluding that a failure to award disability retirement by the Retirement Board comes within such standards.

However, the City of Richmond Personnel Rules for the Classified Service § 5.10(c) (5th ed. 2000) provides that:

Upon receipt of an employee's medical report that indicates a need for accommodations, the Appointing Authority shall first make any reasonable accommodations to enable the employee to perform the duties of his present position. If reasonable accommodations are not possible, the Appointing Authority shall transfer or demote the employee to a vacant position in his agency, for which he qualifies and is able to perform. Documentation on the status of reasonable accommodation and job placement efforts should be completed within sixty (60) days.

The court believes that the failure thus far to provide November with a "reasonable accommodation" given his medical condition is grievable under that portion of Va. Code § 2.2-3004ii, to wit "the application of written personnel policies, procedures, rules, and regulations where it can be shown that policy was misapplied or unfairly applied." Such duty to provide November with sedentary employment in the light of his medical condition is a duty imposed on the City by its personnel rules and regulations. The City "shall" make such reasonable accommodation. Thus, this aspect of November's complaint is grievable.